52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRUDENTIAL SECURITIES, INC., Petitioner-Counter-respondent-Appellee,
v.
William Leo CREEDON, Respondent-Counter-petitioner-Appellant.
 No. 93-56553.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1995.*
Decided April 11, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Leo Creedon appeals from the district court's confirmation of an arbitration award in favor of Creedon's former employer, Prudential Securities, Inc., arguing that the arbitration panel abused its discretion by denying Creedon's request for a continuance, erred by dismissing with prejudice Creedon's previously withdrawn counterclaim, and exceeded its authority by awarding excessive attorney's fees to Prudential.
 
 
 3
 Our review of the arbitration panel's decision is extremely narrow: "The [arbitration] panel's interpretation of a contract must be sustained if it is plausible. We may not predicate reversal on the arbitration panel's erroneous findings of fact or conclusions of law." Employers Ins. of Wausau v. National Union Fire Ins. Co., 933 F.2d 1481, 1486 (9th Cir.1991) (citations and internal quotations omitted). As we recently noted,
 
 
 4
 Federal courts should not review the merits of arbitration awards, but rather should merely determine whether the parties agreed to arbitrate the dispute and to give the arbitrator the power to provide for his award. A reviewing court should only determine whether the arbitrator is dispensing his own brand of industrial justice, assuring itself that the award draws its essence from the collective bargaining agreement. A reviewing court is bound--under all except the most limited circumstances--to defer to the decision of [the arbitrator], even if ... that ... decision finds the facts and states the law erroneously.
 
 
 5
 Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, 989 F.2d 1077, 1080 (9th Cir.1993) (citations and internal quotations omitted; brackets and ellipses in original).
 
 I. Denial of Continuance
 
 6
 Creedon first argues that the arbitration panel violated 9 U.S.C. Sec. 10(a)(3) by denying his request for a continuance of the April 13, 1993 arbitration hearing after requiring him to state in writing his reasons for the request, when the panel had earlier granted a similar request from Prudential without requiring it to explain its reasons therefor. Creedon fails to mention that he himself had already succeeded in postponing the arbitration proceedings at least twice before, having previously moved for and been granted a continuance of the originally scheduled hearing, and later obtaining a postponement of the rescheduled proceedings by challenging one of the arbitrators for cause. Creedon also downplays the fact that the panel tried to accommodate both his wishes and those of Prudential by granting a limited delay of two days. When Creedon asked for a continuance of the April 1993 hearing, the proceedings already had been delayed nearly ten months and had been postponed at least four times. There was no reversible error on this point.
 
 II. Dismissal with Prejudice of Counterclaim
 
 7
 The linchpin of Creedon's second argument is that he had an unqualified right to withdraw his counterclaim at any time prior to the final entry of the award, because the NASD Code does not prohibit such conduct, but impliedly permits it by limiting sanctions to an assessment of forum fees and costs. See Code Sec. 44(g). This argument is meritless. New York law, which governs the interpretation of the contract, would preclude Creedon from voluntarily withdrawing his counterclaim at such a late date and without leave of court. Cf. Mastrobuono v. Shearson Lehman Hutton, Inc., 115 S.Ct. 1212 (1995). Moreover, section 44 of the Code is concerned only with the setting and assignment of responsibility for the payment of the actual costs of arbitration, including fees and related administrative charges ("assessments"), not with the arbitrators' powers to control the proceedings by imposing sanctions, monetary or otherwise. Accordingly, we find no reversible error on this point, either.
 
 III. Attorney's Fees
 
 8
 The agreement between Prudential and Creedon expressly provides for the recovery of all costs and attorney's fees incurred in collecting on the unpaid loans. Prudential's large attorney's fee bill was a logical byproduct of the instant prolonged litigation in which Creedon insisted on interposing what he now claims was a noncompulsory counterclaim to Prudential's collection efforts, a counterclaim that the arbitrators unanimously found to be inextricably intertwined with those collection efforts. Moreover, Creedon undercuts his own argument by asking for attorney's fees on appeal here. There was no reversible error on this point.
 
 
 9
 Because we find no merit to any of Creedon's remaining arguments, the decision appealed from is
 
 
 10
 AFFIRMED. Prudential shall recover its costs and attorney's fees on appeal.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3